# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUSSELL W. SAVANT, ET AL.** | : | **DOCKET NO. 05-1501** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **BERETTA U.S.A. CORP., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion to Remand [doc. # 12].[1]

### Background

On October 5, 2004, Russell W. Savant's Beretta Silver Mallard 12-gauge shotgun inadvertently discharged, and struck him. (Petition, ¶ V). As a result, Savant suffered severe, substantial, permanent, and disabling injuries to his lower abdomen and pelvic area. (Petition, ¶ XVII). Accordingly, on July 26, 2005, Savant filed the instant suit in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana.[2] Made defendants were: the gun's importer/distributor, Beretta U.S.A. Corp. ("Beretta"); the gun's manufacturer, Fabbrica D'Armi Pietro Beretta S.P.A.; the seller of the gun, Gene Haydell; and a fictitious insurer, ABC Insurance Company. (Petition, ¶¶ 1-2). Savant seeks recovery for the damages that he sustained as a result of the unexpected discharge.

On August 23, 2005, Beretta removed the case to federal court on the basis of diversity

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] Suit was also filed on behalf of Savant's wife, Cynthia Savant (and their minor children), for mental anguish and loss of consortium. (Petition, ¶¶ XVIII-XX).

jurisdiction. 28 U.S.C. § 1332. The amount in controversy exceeds $ 75,000. (*See*, Amended Notice of Removal, ¶ 3).[3] Plaintiffs are Louisiana citizens. (Amended Notice of Removal; ¶ 4). Beretta is a Maryland corporation, with its principal place of business in Maryland. *Id*. at ¶ 5. Defendant, Fabbrica D'Armi Pietro Beretta S.P.A. is an Italian corporation, with its principal place of business in Italy. *Id*. at ¶ 6. Removing defendant does not contest that Gene Haydell is a Louisiana citizen for the purposes of removal and diversity. Instead, Beretta contends that plaintiffs have no possibility of recovery against the non-diverse defendant, and that his presence should be disregarded for purposes of determining diversity (*i.e.* "improper joinder"). Plaintiffs disagree, and on September 28, 2005, filed the instant motion to remand alleging lack of subject matter jurisdiction due to incomplete diversity. 28 U.S.C. § 1332.

On October 24, 2005, the undersigned issued a minute entry notifying the parties that if the court found that plaintiffs had no possibility of recovery against the non-diverse defendant, then summary judgment would be recommended *sua sponte* in favor of said defendant. Parties were invited to file any additional briefs and/or competent summary judgment evidence as to this issue. The matter is now before the court.

<u>Improper Joinder</u>

Once a case has been removed, the burden lies with the removing party to prove that the

---

[3] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiffs have, in effect, conceded in their state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Here, it is not disputed that Gene Haydell is a citizen of Louisiana for purposes of diversity. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.* In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[4] In the process, the court must consider

---

[4] In other words, facts that can be easily disproved if not true. *Id.*

"all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*. If the foreign/diverse defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id*.

Discussion

Beretta argues that Savant has not stated a claim against Gene Haydell. We agree. In his petition, plaintiff admits that Gene Haydell is not a manufacturer. (Petition, ¶ XVI).[5] He then alleges that Haydell sold the gun to him, and that Haydell is liable under Louisiana product liability law. *Id*. By its own terms, the Louisiana Products Liability Act does not apply to plaintiff's claim against Haydell – a mere seller. La. R.S. 9:2800.52-53.[6] Moreover, the non-manufacturing seller of a defective product is not liable for damages in tort absent a showing that "he knew or should have known the product was defective and failed to declare it." *Wilson v. State Farm Fire & Cas. Ins.Co.*, 654 So.2d 385, 387 (La. App. 3d Cir. 1995); *Davis v. Burlingame*, 607 So.2d 853 (La.App. 2d Cir.1992); *Hopper v. Crown*, 560 So.2d 890, 893 (La. App. 1st Cir.1990); *Picolo v. Flex-A-Bed, Inc.*, 466 So.2d 652 (La.App. 5th Cir. 1985); *Jones v. Employers Mut. Liability Ins. Co.*, 430 So.2d 357, 359 (La. App. 3d Cir.1983); *Nelton v. Astro-Lounger Mfg. Co. Inc.*, 542 So.2d 128, 131 (La. App. 1st Cir.1989); and *Harris v. Atlanta Stove Works, Inc.*, 428 So.2d 1040, 1043 (La. App. 1st Cir. 1983). However, plaintiff's petition contains no facts or allegations that Haydell knew or should have known that the gun was

---

[5] Plaintiff acknowledges that his allegations against Gene Haydell are contained in paragraph XVI of the petition. (M/Remand, pg. 2).

[6] Indeed, plaintiff does not so argue.

4

defective at the time of sale, – nor has plaintiff adduced any evidence of same. Accordingly, plaintiff's petition fails to state a claim against Haydell.

In support of his motion, Savant submitted an affidavit stating that the only time that the gun was outside of his possession was when it was transferred to Haydell for maintenance, proper care, and for repairs. (Russell Savant, Affidavit). At best, the affidavit would suggest a potential claim for negligent maintenance or repair against Haydell.[7] Yet, no such claim is alleged in the petition. *See, discussion, supra.*[8] Although we may consider affidavits and deposition testimony when resolving a claim of improper joinder, post removal filings cannot be considered when they present new causes of action or theories not raised in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)(citing, *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256 (5th Cir. 1995)). In other words, Savant's affidavit may be considered only to the extent that it helps clarify whether there is any possibility of recovery against the non-diverse defendant based upon the claims *actually alleged* in the petition. As Savant's affidavit is only relevant to a potential legal theory not contained in the petition, it does not assist plaintiff in establishing a claim against the non-diverse defendant as of the time of removal.

In sum, plaintiff has not alleged a valid cause of action against Haydell, and thus, has no

---

[7] Plaintiff emphasizes that Beretta alleged third-party fault as a defense. (Beretta's Amend. Answer, ¶¶ 8 & 10). However, plaintiff concedes that he currently does not have facts or evidence to support a claim that Haydell modified, altered, or subjected the shotgun to improper care. (Pl. Add'l. Brief, pg. 2; Pl. Reply Brief, pg. 3).

[8] *See also*, Petition, ¶ XVI ("Gene Haydell . . . is liable under Louisiana product liability law for the *sale and conveyance of title* of said Beretta shotgun to Russell W. Savant.")(emphasis added).

possibility of recovery against him. *See*, *Griggs, supra* (a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action).[9]

Having found that plaintiffs have no possibility of recovery against the non-diverse defendant, his presence must be disregarded for purposes of determining diversity. The remaining parties are completely diverse.

As noted by the Fifth Circuit, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir.1990). We have found that plaintiffs have no possibility of recovery against defendant, Gene Haydell. Accordingly, it is appropriate to enter judgment in favor of Haydell, dismissing plaintiffs' claims against him.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 12] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' request for costs be DENIED.

IT IS FURTHER RECOMMENDED that judgment be entered in favor of defendant, Gene Haydell, dismissing without prejudice plaintiffs' claims against said defendant only.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[9] Savant's family's loss of consortium and mental anguish claims derive from Savant's claim. Our resolution of the latter claim compels the same outcome as to the former. *See, Dumas v. Angus Chemical Co.*, 728 So.2d 441, 452 (La. App. 2d Cir. 1999); *Benavides v. County of Wilson*, 955 F.2d 968, 975 (5th Cir. 1992).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE