UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RUSSELL W. SAVANT, ET AL | : | DOCKET NO. 05-1501 |
| VS. | : | JUDGE TRIMBLE |
| BERETTA U.S.A. CORP., ET AL | : | MAGISTRATE JUDGE WILSON |

## RULING AND ORDER

Before the Court is a "Motion for Leave to File Second Amended Complaint" (doc. #64). Defendants oppose the motion. For the following reasons, the motion will be denied.

In their original and first amended complaint, Plaintiffs allege a products liability action against the named defendants. The second amended complaint alleges an additional legal theory of recovery – redhibition. Plaintiffs maintain that the additional legal theory of recovery requires no additional fact pleadings and will not cause any undue delay or undue prejudice to defendants. Plaintiffs further assert that there is no bad faith or dilatory motive on their part.

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."[1] The decision to grant or deny leave to amend lies within the sound discretion of the district court.[2] In exercising its discretion, the district court may consider a variety of factors: undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[3]

---

[1] Fed. R.Civ. P. 15(a).

[2] *Guthrie v. J.C. Penny Co.*, 803 F.2d 202, 210 (5th Cir. 1986).

[3] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

The original complaint was filed on August 23, 2005 and amended on January 31, 2006. A motion for summary judgment was filed by defendants on February 5, 2007. The instant motion was filed on February 26, 2007. The trial of the matter is set for May 14, 2007.

"An amendment that a party raises late in the pre-trial life of a lawsuit has a significant tendency to disrupt trial proceedings."[4] The Fifth Circuit has determined that "if the delay in filing a motion for leave to amend is particularly egregious, the burden shifts to the moving party to demonstrate that the delay was "due to oversight, inadvertence or excusable neglect."[5] The motion for leave to amend is untimely and the delay is particularly egregious. Courts have routinely denied motions to amend when made after defendants have filed a motion for summary judgment, because such a delay is "particularly egregious" and evidences dilatory motives.[6]

Plaintiffs could have alleged the redhibition claim in either their original or amended complaint. Plaintiffs have failed to show that the delay was due to oversight, inadvertence or excusable neglect. Accordingly, it is

**ORDERED** that the motion for leave to amend is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of April, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[4] *Little v. Liquid Air Corporation,* 952 F.2d 841 (5th Cir. 1992).

[5] *Id.,* citing *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981).

[6] *Little, supra,* 952 F.2d at 846; see also *Parish v. Grazier,* 195 F.3d 761, 763 (5th Cir. 1999); accord *Smith v. Gerhardt,* 2006 U.S. Dist. LEXIS 46436, *3-*4 (W.D. La. 2006); *Overseas Inns S.A. P.A. v. United States,* 911 F.2d 1146, 1151 (5th Cir. 1990).